IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:15CR 2 -1 |
| | : | |
| v. | : | |
| | : | |
| JOSEPH DRAYTON, also known | : | |
| as "Malcom" | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, JOSEPH DRAYTON, in his own person and through his attorney, Kathleen A. Gleason, and state as follows:

1. The defendant, JOSEPH DRAYTON, is presently charged in a Bill of Information in case number 1:15CR 2 -1, which charges him with a violation of Title 18, United States Code, Section 1589(1), 1589(2) and 1594(a), forced labor.

2. The defendant, JOSEPH DRAYTON, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, JOSEPH DRAYTON, understands that the maximum term of imprisonment provided by law for the Information herein is not more than twenty years, and the maximum fine for the Information herein is $250,000. If any person derived pecuniary gain

from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JOSEPH DRAYTON, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

  b. The defendant, JOSEPH DRAYTON, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, JOSPEH DRATON, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make full restitution pursuant to Title 18, United States Code, Sections 3663A(a) and (b), to the victim referred to as "Victim-1" in the Information herein.  The defendant, JOSEPH DRAYTON, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

d. The defendant, JOSEPH DRAYTON, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, JOSEPH DRAYTON, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JOSEPH DRAYTON, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Information herein, JOSEPH DRAYTON, knowingly waives and gives up his constitutional

rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JOSEPH DRAYTON, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, JOSEPH DRAYTON, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. It is further agreed by and between the United States and the defendant, JOSEPH DRAYTON, that in exchange for the government's agreement to dismiss the Superseding Indictment in case 1:14CR387-1, the defendant expressly waives the right to appeal the

4

conviction or whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

    c.    It is further agreed that the defendant, JOSEPH DRAYTON, will waive in open court prosecution by indictment and consent to be charged in an Information.

6. The defendant, JOSEPH DRAYTON, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

5

Case 1:15-cr-00002-JAB   Document 8   Filed 01/06/15   Page 5 of 7

7. It is further understood that the United States and the defendant, JOSEPH DRAYTON, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, JOSEPH DRAYTON, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which

6

Case 1:15-cr-00002-JAB   Document 8   Filed 01/06/15   Page 6 of 7

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 6th day of January, 2015.

_____
RIPLEY RAND
United States Attorney

_____
KATHLEEN A. GLEASON
Attorney for Defendant

Anand P. Ramaswamy by LBB
_____
ANAND P. RAMASWAMY
NCSB # 24991
Assistant United States Attorney

101 S. Edgeworth St.
Greensboro, NC 27401

336/333-5351

_____
JOSEPH DRAYTON
Defendant